UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| MARY I. KELL, <br> (Social Security No. XXX-XX-4950), <br>               Plaintiff, <br>       v. <br> MICHAEL J. ASTRUE, Commissioner <br> of the Social Security Administration, <br>              Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )  3:10-cv-175-WGH-RLY <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM DECISION AND ORDER**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, upon the Consents filed by the parties (Docket Nos. 9, 12) and an Order of Reference entered by Chief District Judge Richard L. Young on February 10, 2011. (Docket No. 15).

**I. Statement of the Case**

Plaintiff, Mary I. Kell, seeks judicial review of the final decision of the agency, which found her not disabled and, therefore, not entitled to Disability Insurance Benefits ("DIB") under the Social Security Act ("the Act"). 42 U.S.C. §§ 416(i), 423(d); 20 C.F.R. § 404.1520(g). This court has jurisdiction over this action pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Plaintiff filed an application for DIB on August 9, 2008, alleging disability since April 2, 2007. (R. 79-88). Plaintiff alleged that she became disabled due to

symptoms associated with bipolar disorder and anxiety. (R. 102). The agency denied Plaintiff's applications both initially and upon reconsideration. (R. 55-58, 62-64). On July 27, 2009, Plaintiff appeared with counsel and testified at a hearing before Administrative Law Judge Augustus C. Martin ("ALJ"); also testifying was a vocational expert ("VE"). (R. 23-52). On September 3, 2009, the ALJ issued his opinion finding that Plaintiff was not disabled because she retained the residual functional capacity ("RFC") to perform a significant number of jobs in the economy. (R. 10-22). On October 14, 2010, the Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner. (R. 1-3). 20 C.F.R. §§ 404.955(a), 404.981. Plaintiff then filed a Complaint on December 7, 2010, seeking judicial review of the ALJ's decision.

## II.  Statement of the Facts

### A.  Vocational Profile

Born on August 27, 1977, Plaintiff was 32 years old at the time of the ALJ's decision. (R. 22, 81). She had at least a high school education. (R. 21). Her past relevant work experience included employment as a fast food worker, a nursing home attendant, and an inspector. (R. 103).

### B.  Medical Evidence

In light of the fact that Plaintiff has raised only one issue concerning whether or not the ALJ asked a complete hypothetical question to the VE, a complete recitation of Plaintiff's medical history is unnecessary.

### III. Standard of Review

An ALJ's decision becomes the final decision of the Commissioner upon the Appeals Council's denial of Plaintiff's request for review. *O'Connor-Spinner v. Astrue,* 627 F.3d 614, 618 (7th Cir. 2010). In reviewing the ALJ's decision, the court examines whether it is based on the correct legal standards and is supported by substantial evidence. 42 U.S.C. § 405(g); *Getch v. Astrue,* 539 F.3d 473, 480 (7th Cir. 2008); *Schmidt v. Apfel,* 201 F.3d 970, 972 (7th Cir. 2000). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Simila v. Astrue,* 573 F.3d 503, 513 (7th Cir. 2009). This standard of review recognizes that it is the Commissioner's duty to weigh the evidence, resolve material conflicts, make independent findings of fact, and decide questions of credibility. *Richardson,* 402 U.S. at 399-400. Accordingly, this court may not re-evaluate the facts, weigh the evidence anew, or substitute its judgment for that of the Commissioner. *See Butera v. Apfel,* 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, even if reasonable minds could disagree about whether or not an individual was "disabled," the court must still affirm the ALJ's decision if it is supported by substantial evidence. *Schmidt,* 201 F.3d at 972.

### IV. Standard for Disability

In order to qualify for disability benefits under the Act, Plaintiff must establish that she suffers from a "disability" as defined by the Act. "Disability" is

defined as the "inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The Social Security regulations set out a five-step sequential evaluation process the ALJ is to perform in order to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. The ALJ must consider whether the claimant: (1) is presently employed; (2) has a severe impairment or combination of impairments; (3) has an impairment that meets or equals an impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) is unable to perform his past relevant work; and (5) is unable to perform any other work existing in significant numbers in the national economy. *Id.* The burden of proof is on Plaintiff during steps one through four, and only after Plaintiff has reached step five does the burden shift to the Commissioner. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## V. The ALJ's Decision

The ALJ's decision included the following findings: (1) Plaintiff met the insured status for DIB through December 31, 2012 (R. 12); (2) Plaintiff had not engaged in substantial gainful activity since her alleged onset date (*id.*); (3) in accordance with 20 C.F.R. § 404.1520, Plaintiff had the following severe impairments: bipolar disorder and personality disorder (*id.*); (4) these impairments or combination of impairments did not meet or substantially equal

-4-

any of the impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (*id.*); (5) Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: Plaintiff can perform simple, repetitive tasks on a sustained basis, but can have no more than occasional contact with co-workers or supervisors and no contact with the general public (R. 14); (6) Plaintiff was not entirely credible (R. 15-20); (7) Plaintiff is unable to perform any past relevant work (R. 20); (8) Plaintiff was born on August 27, 1977, and was 29 years old on the alleged disability onset date, which is, according to 20 C.F.R. § 404.1563, defined as a younger individual age 18-44 (R. 21); (9) Plaintiff has at least a high school education and is able to communicate in English (*id.*); (10) transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Plaintiff is "not disabled," whether or not Plaintiff has transferable job skills (*id.*); and (11) considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the regional and national economy that Plaintiff can perform (*id.*). The ALJ concluded by finding that Plaintiff was not under a disability. (R. 22).

## VI. Issue

The court has examined Plaintiff's brief and concludes that Plaintiff has essentially raised one issue. The issue is as follows:

**Whether the ALJ erred in failing to include moderate limitations in concentration, persistence, and pace in his hypothetical posed to the VE.**

Plaintiff's claim focuses on the ALJ's finding of moderate difficulties with regard to Plaintiff's concentration, persistence, and pace. The ALJ determined that Plaintiff suffered from the severe mental impairments of bipolar disorder and personality disorder. (R. 12). The ALJ further concluded that these impairments cause "*moderate difficulties for Plaintiff with regard to concentration, persistence, and pace.*" (R. 13)(emphasis added). The ALJ made that finding within the third step of the five-step evaluation process, in which the ALJ evaluates whether Plaintiff has an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 12-13). The ALJ asked a hypothetical question to the VE that included a limitation to simple, repetitive tasks on a sustained basis, but did not mention the actual words "moderate difficulty maintaining concentration, persistence, or pace." (R. 48-50).

Generally, when an ALJ poses a hypothetical question to the VE, the question must include all of Plaintiff's limitations that are supported by medical evidence in the record. *Stewart v. Astrue,* 561 F.3d 679, 684 (7th Cir. 2009); *Steele v. Barnhart,* 290 F.3d 936, 942 (7th Cir. 2002). Furthermore, the hypothetical question asked must account for documented deficiencies of concentration, persistence and pace. *O'Connor-Spinner,* 627 F.3d at 619; *Stewart,* 561 F.3d at 684. The Seventh Circuit explained, in numerous cases, that a hypothetical question that includes a limitation to simple, repetitive tasks

-6-

does not account for moderate limitations in concentration, persistence, and pace. *See O'Connor-Spinner,* 627 F.3d at 619-20; *Stewart,* 561 F.3d at 684-85; *Young v. Barnhart,* 362 F.3d 995, 1004 (7th Cir. 2004). In *O'Connor-Spinner,* the Seventh Circuit noted that an ALJ is not required to use the specific words "concentration, persistence, and pace" in all cases. *O'Connor-Spinner,* 627 F.3d at 619. The Court explained that there are exemptions to this rule: (1) where the record revealed that the VE had independently reviewed Plaintiff's medical records or heard testimony about those limitations; (2) where the ALJ used alternative phrasing and "it was manifest that the ALJ's alternative phrasing specifically excluded those tasks that someone with the Plaintiff's limitations would be unable to perform"; or (3) where the ALJ's hypothetical question specifically mentioned the underlying condition that caused the difficulties with concentration, persistence, or pace. *Id.* at 619-20. The ALJ should refer to limitations on concentration, persistence, and pace directly in the hypothetical in order to focus the VE's attention on all of Plaintiff's limitations and ensure that the VE is fully apprised of them and the VE's testimony constitutes substantial evidence of the jobs a claimant can do. *Id.* at 619-21.

In this instance, the ALJ's failure to include a moderate difficulty in concentration, persistence, and pace in his hypothetical question to the VE requires remand. None of the exceptions to the general rule outlined in *O'Connor-Spinner* are present in this case. First, although there is evidence in

the record that the VE reviewed Plaintiff's file, the exception would not apply in the present case. As the Seventh Circuit stated in *O'Connor-Spinner,* when the ALJ poses a number of "increasingly restrictive hypotheticals" to the VE, the VE's attention is, as inferred by the court, focused on the hypothetical question rather than on the record, and the first exception, therefore, does not apply in such case. *O'Connor-Spinner,* 627 F.3d at 619. Second, a review of the administrative hearing reveals that the ALJ did not use any alternative phrasing that indicated a moderate limitation in concentration, persistence, or pace. Third, Plaintiff's underlying condition (severe impairments caused by bipolar disorder and personality disorder) which led to a finding of a moderate limitation in concentration, persistence, and pace, was never mentioned in the ALJ's hypothetical to the VE. Given that the ALJ found a moderate limitation in Plaintiff's concentration, persistence, and pace in step three within the sequential five-step analysis, this finding made the ALJ bound in his further assessments, and he failed to incorporate this significant limitation into his hypothetical question to the VE. We, therefore, must remand this case in accordance with the Seventh Circuit's recent decision in *O'Connor-Spinner*.

## VII. Conclusion

The ALJ committed error when he failed to include a moderate limitation in concentration, persistence, and pace in the hypothetical he posed to the VE. The final decision of the Commissioner is, therefore, **REMANDED**. On remand,

the ALJ is instructed to craft a hypothetical question to the VE that accounts for his finding of a moderate limitation in concentration, persistence, and pace.

**SO ORDERED** the 21st day of July, 2011.

    _____
    William G. Hussmann, Jr.
    United States Magistrate Judge
    Southern District of Indiana

**Electronic copy to:**

Lane C. Siesky
lane@sieskylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov